(101 App. Div. 15)

## ALLEN v. PALMER.

(Supreme Court, Appellate Division, Second Department. January 13, 1905.)

1. INJURIES TO EMPLOYÉ—ADMISSION IN PLEADING.

A complaint for personal injuries resulting from the negligence of an engineer alleged that at the time of the accident, specifying the date, "defendant was in possession of certain cars, engines, tracks," etc., and used by him in his business, at a place specified, where the accident occurred. *Held*, that the express admission of this allegation by the answer rendered it unnecessary for plaintiff to prove that the particular engine responsible for the injury was being operated by the employés of defendant.

Appeal from Trial Term, Kings County.

Action for personal injuries by John Henry Allen against Lowell M. Palmer. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

John Notman (Lewis H. Freedman, on the brief), for appellant. Meier Steinbrink, for respondent.

WILLARD BARTLETT, J. On the 1st day of April, 1902, the plaintiff, a truck driver in the employ of John A. Dowd & Sons, dealers in cider and vinegar, was engaged in behalf of that firm in unloading cider from a railroad car in a freightyard near North Sixth street and the East river, in the borough of Brooklyn. While he was thus occupied, an engine drawing two cars collided with the car which the plaintiff was unloading, inflicting upon him personal injuries, for which he has recovered $2,000 in this action, on the theory that the person in charge of the engine, whose negligence caused the collision was the servant of the defendant. Upon this appeal it is contended that the plaintiff absolutely failed to connect the defendant with the accident, and that no evidence was offered tending to establish that the engineer was in the defendant's employ.

The complaint alleged that:

"At all times hereinafter mentioned the defendant was the lessee or owner and in possession of certain cars, engines, and tracks, together with the appurtenances thereunto belonging, and used by him in the conduct of his business at or near North Sixth street and East river, in the borough of Brooklyn, city of New York, county of Kings, and state of New York."

This allegation was expressly admitted in the answer. The only time mentioned in the complaint was the 1st day of April, 1902, on which the accident occurred. There was no question on the trial but that the defendant occupied and used the premises thus described as a freightyard. The learned trial judge charged the jury that the plaintiff "says that he went into the yard of the defendant, which the defendant admits—a yard there in which engines and cars were located; used practically for the purpose of a freightyard." No exception was taken to this statement by counsel for the defendant, nor was the court asked in any manner to qualify it. I think the fair import of the language which I have quoted from the complaint was to allege that the cars and engines in the inclosure at the time when the plaintiff sustained his injuries were being used by the defendant in the conduct of his business, and that the admission of that allegation in the answer renders it unnecessary for the plaintiff to prove that the particular engine responsible for the collision was being operated by the defendant's servants.

The plaintiff testified that this engine "came in from the Erie Station through the tunnel, like"; and the contention of the appellant is that the accident might have been caused by an engine of the Erie Railroad Company, for the management of which the

defendant could not be held liable. It was probably with this view in mind that counsel asked the court to charge."that the mere fact that the plaintiff saw additional cars or an engine some distance away is not sufficient proof to justify the jury in finding that the person in charge of that engine was an employé of Mr. Palmer's, the defendant," to which request the learned judge responded, "I will leave it to the jury to say whether it is, or not, sufficient." This disposition of the request would have been a serious error if there had been any issue in the case as to the control of the engine, but, if the view taken of the effect of the pleadings is correct, there really was not any such issue. As already indicated, I think that the admission that the engines and cars in that yard were used by the defendant on that day in the conduct of his business was a concession that they were then and there controlled and operated by the defendant's representatives.

The appeal presents no other question which requires discussion. I advise an affirmance.

Judgment and order affirmed, with costs. All concur.